UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

STEVEN L. COOPER,

    **Plaintiff,**

v.                                             Civil Action 2:10–cv–168

MICHAEL J. ASTRUE,                   Judge Michael H. Watson
COMMISSIONER OF SOCIAL SECURITY,

    **Defendant.**

## OPINION AND ORDER

Plaintiff, Steven L. Cooper, brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for Social Security Disability Insurance Benefits. This matter is before the Court for consideration of Plaintiff's February 4, 2011 Objections (ECF No. 13) to United States Magistrate Judge Elizabeth A. Preston Deavers' January 25, 2011 Report and Recommendation (ECF No. 11), recommending that the Court affirm the decision of the Commissioner denying benefits. For the reasons stated below, the Court **OVERRULES** Plaintiff's Objections, **ADOPTS** the Magistrate Judge's Report and Recommendation, and **AFFIRMS** the Commissioner's decision.

I.

Plaintiff Cooper alleges that he became disabled on May 20, 2002, at age 47, due to levorotoscoliosis and degenerative disc disease ("DDD"). He filed his application for disability insurance benefits on November 29, 2004. The application was denied

initially and again upon reconsideration. Plaintiff sought a *de novo* hearing before an administrative law judge ("ALJ").

On December 5, 2007 the ALJ held a hearing at which Plaintiff, represented by a non-attorney representative, appeared and testified. A vocational expert ("VE") also appeared and testified. The VE testified that a hypothetical person with the limitations set forth by the ALJ in a hypothetical question could do work at the light level with about 10,000 jobs and 3,500 sedentary jobs available. The VE further testified that an additional limitation to permit alternating sitting and standing at fifteen minute intervals for five to ten minutes at a time would not change the number of available jobs because of the provision of stools and benches for these jobs. The VE represented that her testimony was consistent with the Dictionary of Occupational Titles ("DOT") except for the issue of the sit/stand option, which was not identified in the DOT, but was based instead on the VE's job site analysis.

The ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Act on June 11, 2008. In reaching this conclusion, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work with the following abilities and/or restrictions:

> [A]n ability to sit a total of about six hours in an eight-hour workday, with normal breaks; stand/walk a total of about two hours in an eight-hour workday, with normal breaks; . . . stand or sit at 15 minute intervals for up to 10 minutes at a time; he is able to climb ramps or stairs occasionally; he can do no climbing of ropes, ladders, or scaffolds; he can occasionally engage in kneeling, crawling, crouching, and stooping; he can do no repetitive bending; and he cannot tolerate exposure to generally obnoxious odors, fumes, dust, gases, and poor ventilation.

(R. at 24.) On December 22, 2009, the Appeals Council denied Plaintiff's request for

review and adopted the ALJ's decision as the Commissioner's final decision.

Plaintiff then timely commenced the instant action. In his Statement of Errors Plaintiff advanced several arguments in support of his assertion that the decision of the Commissioner denying benefits should be reversed. First, Plaintiff asserted that the ALJ erred in failing to find the additional severe impairment of DDD at step two of the sequential evaluation process. Second, Plaintiff contended that the ALJ failed to accord adequate weight to the opinions of his treating physicians. Finally, Plaintiff maintained that the ALJ erred at step five of the evaluation process in relying on the VE's testimony and in misapplying the grid rules.

The Magistrate Judge, in her Report and Recommendation, found that the ALJ's failure to include Plaintiff's DDD as a severe impairment did not constitute reversible error because the ALJ had found that Plaintiff had at least one severe impairment at step two. The Magistrate Judge emphasized that the ALJ did not err because he proceeded to consider the limiting effects of all Plaintiff's impairments in his RFC determination. Next, the Magistrate Judge found that the ALJ did not err in his evaluation of Plaintiff's treating physicians. Finally, the Magistrate Judge found that the ALJ did not err at step five of the sequential evaluation in his reliance on the VE's testimony or in his application of the Medical Vocational Guidelines.

Plaintiff filed his Objections to the Magistrate Judge's Report and Recommendation on February 4, 2011, challenging only the Magistrate Judge's findings concerning the ALJ's reliance on the VE's testimony.

## II.

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also*, 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive"). Put another way, a decision supported by substantial evidence is not subject to reversal, even if the reviewing court might arrive at a different conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). "Substantial evidence exists when 'a reasonable mind could accept the evidence as adequate to support a conclusion [and] . . . presupposes that there is a zone of choice within which the decision-makers can go either way, without interference by the courts.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (internal citation omitted). Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*,

582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

## III.

The issue before the Court is whether the ALJ erred in relying on the VE's testimony. The Magistrate Judge analyzed this issue as follows:

> Plaintiff contends that the ALJ erred in relying on the VE's testimony. He submits that the VE's testimony that the number of jobs did not lower if Plaintiff's RFC incorporated a sit/stand option with fifteen-minute intervals is "incomprehensible." (Pl.'s Statement of Errors 6, ECF No. 9.) In essence, Plaintiff asserts that he simply does not believe the VE's testimony.
>
> The undersigned finds Plaintiff's contention unavailing. Plaintiff had an opportunity to cross-examine the VE during the hearing regarding this testimony, but did not. In addition, Plaintiff does not suggest that the ALJ's hypothetical question was inaccurate or otherwise offer any evidence to challenge the VE's statements beyond declaring his incredulity. This is simply not enough to establish that the ALJ committed error in relying on the VE's testimony. *See Anderson v. Comm'r of Soc. Sec.*, No. 09-6370, 2010 WL 5376877, at *3 (6th Cir. Dec. 22, 2010) ("As long as the VE's testimony is in response to an accurate hypothetical, the ALJ may rely on the VE's testimony to find that the claimant is able to perform a significant number of jobs.").

(Report and Recommendation 20–21, ECF No. 11.)

Plaintiff does not take issue with the Magistrate Judge's foregoing analysis. Instead, he asserts that the Magistrate Judge failed to consider and address the unclear hypothetical the ALJ posed to the VE. Plaintiff explains that the ALJ asked the VE to consider an individual who would have the opportunity to sit or stand at fifteen-minute intervals of five or ten minutes at a time. The ALJ then included this limitation in his RFC. Plaintiff maintains that this limitation is ambiguous in contravention of Social Security Ruling 96-9p, which states in relevant part:

> The RFC assessment must be specific as to the frequency of the individual's need to alternate sitting and standing. It may be especially useful in these situations to consult a vocational resource in order to determine whether the individual is able to make an adjustment to other work.

SSR 96-9, 1996 WL 374185 (July 2, 1996). Plaintiff contends that the hypothetical posed to the VE and included in the RFC renders the ALJ's decision so ambiguous "that a subsequent review cannot properly assess the decision." (Pl.'s Objections 2, ECF No. 13.)

The Court disagrees with Plaintiff's contention. Instead, the Court finds that the ALJ's RFC assessment is sufficiently specific as to the individual's need to alternate sitting and standing. The ALJ, in his RFC determination, found that Plaintiff could "stand or sit at 15 minute intervals for up to 10 minutes at a time . . . ." (R. at 24.) The Court interprets this language to mean that every fifteen minutes, Plaintiff must be afforded the option of shifting positions for up to ten minutes at a time. The VE testified that this sit/stand opinion did not erode the number of available jobs she had identified because based upon her jobsite analysis, these jobs provided stools and benches. Because the Court finds that the ALJ did not err in relying on the VE's testimony concerning the ability to stand or sit in the identified jobs, the Court **OVERRULES** Plaintiff's sole objection.

## IV.

The Court, having reviewed the record *de novo*, determines that there is substantial evidence supporting the ALJ's determination that Plaintiff is not disabled, as defined in the Social Security Act. Accordingly, the Court **OVERRULES** Plaintiff's Objections (ECF No. 13), **ADOPTS** the Magistrate Judge's Report and

Recommendation (ECF No. 11), **AFFIRMS** the Commissioner's decision, and **DISMISSES** this action.

The Clerk shall enter final judgment pursuant to Sentence 4 of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**